COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


B.W.B CONSTRUCTION CORPORATION AND
 VIRGINIA CONTRACTORS GROUP
 SELF-INSURANCE ASSOCIATION

                                       MEMORANDUM OPINION[*]
v.   Record No. 1952-96-3                  PER CURIAM
                                       JANUARY 28, 1997
RALPH E. TAYLOR


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (William H. Fralin, Jr.; Jolly, Place,
            Fralin & Prillaman, on briefs), for
            appellants.

            (Robert A. Williams; Williams, Luck and
            Williams, on brief), for appellee.



     B.W.B. Construction Corporation (employer) contends that the

Workers' Compensation Commission (commission) erred in finding

that (1) the W.C. Ham Center, a sheltered workshop in which

employer's vocational rehabilitation representative placed Ralph

E. Taylor (claimant), was not appropriate vocational

rehabilitation; and (2) claimant did not unjustifiably refuse to

cooperate with vocational rehabilitation by failing to regularly

attend the sheltered workshop program.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On January 14, 1991, while working for employer as a

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

pipefitter, claimant sustained a compensable injury to his neck and head when he struck a steel beam. Following the accident, he developed chronic neck pain, headaches, and psychiatric problems. Later in 1991, he underwent surgery for two herniated discs, but continued to experience the neck pain, headaches, and psychiatric problems. Eventually, claimant's physician released him to perform light work. As a result, employer assigned Karen Carr, a vocational rehabilitation counselor, to work with claimant.

Carr began job search efforts for claimant in the spring or summer of 1995. Carr was unable to find claimant a light duty job. Therefore, she decided to place claimant in a sheltered workshop program. The work claimant performed at the workshop involved gluing two pieces of cardboard together and putting screws in bags. Carr's asserted goal was to build up claimant's work ethic and confidence, although she admitted that the impact on claimant's self-esteem from his experience at the workshop could be positive or negative. Prior to his January 14, 1991 injury, claimant had accumulated fifteen years of experience in the construction industry.

Claimant testified that he objected to being placed at the workshop, but reluctantly agreed to try it. He worked sporadically, beginning September 6, 1995, often leaving the workshop after a few hours. Claimant asserted that he left the workshop because the work increased his neck and shoulder pain and because he did not want to work with mentally retarded

people, who frequently hollered nonsensical questions at him. Claimant's rate of pay in the program was $1.50 per hour. Claimant stated that this amount was not sufficient to pay for the gas necessary to travel to and from the workshop.

Carolyn Beale, a rehabilitation specialist employed by the workshop, testified that it offers long-term sheltered employment to individuals with mental retardation or mental illness. Beale stated that twenty-seven out of the thirty clients working with claimant were mentally retarded or mentally ill.

In denying employer's application, the commission found as follows:

> The Deputy Commissioner concluded that the sheltered workshop placement was inappropriate vocational rehabilitation for the claimant. We agree. The claimant worked over fifteen years as a pipefitter, carpenter, and sheet metal worker. As the Deputy Commissioner noted, placing [claimant] with mentally retarded individuals, and others with severe mental handicaps, in a sheltered workshop, is more likely to reduce rather than enhance his self-esteem. Neither his physical nor his psychiatric disabilities are so severe that he would not benefit from more intensive job placement and training efforts.

The testimony of claimant, Carr, and Beale, as well as claimant's medical records, amply support the commission's finding that claimant's placement at the sheltered workshop was not appropriate vocational rehabilitation pursuant to Code § 65.2-603(A)(3).

Because our holding on this issue disposes of this appeal,

we will not address the second question presented by employer. For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>